IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FRANKLIN STREET IV, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CUSTOMIZED DISTRIBUTION, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) )  CIVIL ACTION NO.: <br> _____ |

## COMPLAINT

PLAINTIFF FRANKLIN STREET IV, individually and on behalf of all others similarly situated, files this Complaint against DEFENDANT CUSTOMIZED DISTRIBUTION LLC ("CDI"), and for this cause of action states the following:

### *Nature of the Claim*

1. This action seeks damages for unpaid compensation, including overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and liquidated damages, expenses of litigation, reasonable attorneys' fees, and other relief on the grounds set forth below.

### *Jurisdiction and Venue*

2. This Court has subject-matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 because this action arises under the laws of the United States. Subject-matter jurisdiction is also conferred upon this Court by 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce.

3. Defendant is subject to service in this judicial district; thus, this Court has personal jurisdiction.

4. Under 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

### *The Parties*

5. Defendant is organized under the laws of the State of Georgia and its principal office is in Norcross, Georgia.

6. At all times relevant to this action, Defendant was an "employer" under 29 U.S.C. § 203(s).

7. At all times relevant to this action, Defendant's annual gross sales volume has exceeded $500,000.

8. Plaintiff is a resident of Georgia and he began working for Defendant in the beginning of 2021.

9. Plaintiff was Defendant's "employee" under 29 U.S.C. § 203(e) within the three years preceding the filing of this Complaint.

10. During his employment, Plaintiff worked for Defendant as a warehouse selector.

### *Factual Allegations*

11. At all times relevant to this action, Plaintiff was a non-exempt employee under the FLSA.

12. Plaintiff did not qualify for any of the FLSA's exemptions during his employment with Defendant.

13. As a non-exempt employee, Plaintiff was subject to the FLSA's minimum wage and overtime provisions.

14. Throughout his employment, Plaintiff regularly worked more than forty hours per workweek.

15. As just a few examples, for the week ending April 3, 2021, Plaintiff worked a total of 44.02 hours. For the week ending April 10, 2021, Plaintiff worked a total of 45.80 hours. For the week ending May 8, 2021, Plaintiff worked a total of 42.48 hours.

16. During Plaintiff's employment, Defendant paid Plaintiff at a rate of $13.00 per hour and $19.50 per overtime hour.

17. For each of the weeks during which Plaintiff worked for Defendant, Defendant also paid Plaintiff an $80.00 non-discretionary "Weekly Safety Bonus."

18. Under 29 CFR § 778.208, this non-discretionary Weekly Safety Bonus does not qualify for exclusion from Plaintiff's regular rate and it must be totaled in with other earnings to determine the regular rate on which Plaintiff's overtime pay must be based.

19. Fact Sheet #56C from the United States Department of Labor confirms that a safety bonus must be included in the regular rate calculation:

> A nondiscretionary bonus is a bonus that fails to meet the statutory requirements of a discretionary bonus. Nondiscretionary bonuses are included in the regular rate of pay, unless they qualify as excludable under another statutory provision (see below).
>
> *Examples of nondiscretionary bonuses that must be included in the regular rate include…. Safety bonuses (i.e., number of days without safety incidents).*
>
> Such bonuses are nondiscretionary because the employees know about and expect the bonus. The understanding of how an employee earns one may lead to an expectation to receive the bonus regularly. The fact that the employer has the option not to pay the promised bonus does not make the bonus discretionary.

*See* https://www.dol.gov/agencies/whd/fact-sheets/56c-bonuses (emphasis added).

20. In calculating Plaintiff's overtime rate, Defendant excluded the Weekly Safety Bonus from Plaintiff's other earnings when it calculated his regular and overtime rates of pay.

21. By not properly calculating Plaintiff's regular rate of pay, Defendant failed to pay Plaintiff at the proper overtime rate required under the FLSA.

22. Defendant has long been on notice that it must include a Weekly Safety Bonus in the calculation of the proper overtime rate.

23. Defendant has willfully and intentionally failed and/or refused to compensate Plaintiff in accordance with the FLSA.

24. Plaintiff has retained the law firm listed below to represent him in this action and thus has incurred and will continue to incur attorneys' fees and costs, which are a proper portion of the relief sought in this action.

25. Plaintiff consents to participate in this action. Plaintiff's consent is attached as Exhibit 1 and is a part hereof for all purposes under Fed. R. Civ. P. 10(c).

### *Collective Action Allegations*

26. Defendant employs the same practice for all those employees whom it pays a "Weekly Safety Bonus" as it does for Plaintiff. It excludes the Weekly Safety Bonus from employees' other compensation when calculating the

employees' regular rate of pay, which in turn causes Defendant to fail to pay these employees at their proper overtime rates.

27. Defendant has willfully and intentionally failed and/or refused to compensate Plaintiff and other similarly situated employees in accordance with the FLSA.

28. Numerous current and former employees of Defendant exist who are similarly situated to Plaintiff in that they were subject to Defendant's common plan and practice of failing to properly account for the Weekly Safety Bonus when paying overtime compensation. These employees were denied proper compensation in violation of the FLSA, and they would benefit from issuance of Court-supervised notice of this lawsuit. Those similarly situated current and former employees are known to Defendant and are readily identifiable and locatable through Defendant's records.

29. Those current and former employees similarly situated to Plaintiff include all non-exempt employees of Defendant's who worked more than forty hours and were paid a Weekly Safety Bonus during one or more workweeks during any pay period falling within three chronological years immediately preceding the filing of the Complaint and continuing thereafter through the date on which final judgment is entered in this action.

## COUNT 1

### (Compensation Due Under 29 U.S.C. § 207)

30. Plaintiff re-alleges paragraphs 1 through 29 above and incorporate them here by reference.

31. By engaging in the conduct described above, Defendant failed to pay Plaintiff and other similarly situated employees at a rate of pay not less than one and one half times their regular rates for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207.

32. Defendant's actions in failing to compensate Plaintiff and other similarly situated employees in accordance with the FLSA were willful under 29 U.S.C. § 255(a), and committed with a conscious disregard for their rights.

33. As a result of Defendant's violations of the FLSA, Plaintiff and other similarly situated employees have a right to recover their unpaid compensation, including overtime compensation, and an equal amount as liquidated damages as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, under 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

    i.    Take jurisdiction of this matter;

  ii. Permit the case to proceed as an FLSA collective action for those employees who opt in to participate by filing proper written notice with the Court;

  iii. Grant a trial by jury on all matters properly triable to a jury;

  iv. Award Plaintiff and other similarly situated employees proper payment for each hour worked during their employment with Defendant, and liquidated damages equaling 100% of the compensation due Plaintiff, as required by the FLSA;

  v. Award prejudgment interest on all amounts owed;

  vi. Award reasonable attorneys' fees and costs of litigation; and

  vii. Award such other further relief this Court considers just, equitable and proper.

## DEMAND FOR JURY TRIAL

**Plaintiff hereby demands a jury trial on all claims for which he has a right to a jury.**

DATED: December 10, 2021

        By: /s/ Andrew Weiner
Andrew L. Weiner
Georgia Bar No. 808278
Jeffrey B. Sand
Georgia Bar No. 181568
WEINER & SAND LLC
800 Battery Avenue SE
Suite 100
Atlanta, GA  30339
(404) 254-0842 (Tel.)
(866) 800-1482 (Fax)
aw@wsjustice.com
js@wsjustice.com

COUNSEL FOR PLAINTIFF