UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **FRANKLIN STREET IV,** individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>VS.<br><br>**CUSTOMIZED DISTRIBUTION, LLC,**<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:21-CV-5060-SEG<br>)<br>)<br>)<br>)<br>) |

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

COMES NOW the Plaintiff Franklin Street IV ("Plaintiff"), and the Defendant Customized Distribution, LLC ("Defendant"), and jointly move for the Court to approve the Parties' Settlement Agreement (attached as **Exhibit A**), which represents a resolution of a disputed matter under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

In support of this Motion, the Parties state as follows:

## INTRODUCTION

1. Plaintiff initiated this civil action as a FLSA collective action against Defendant alleging that Defendant unlawfully failed to factor certain non-discretionary bonuses into Plaintiff's and other similarly situated non-exempt employees' regular rate for the purpose of calculating and paying overtime wages

for all hours worked in excess of forty during multiple work weeks in violation of the FLSA. (Compl., Doc. 1).

2. The Court approved the Parties' Joint Stipulation for Conditional Certification Pursuant to the FLSA on March 10, 2022. (Doc. 12).

3. Subsequently Defendant produced to Plaintiff the required contact information for all of its hourly employees who received a safety bonus and worked more than 40 hours in one or more workweeks between December 10, 2019, and the present.

4. Plaintiff mailed the Court-approved Notice and Plaintiff Consent Form to all persons identified on the list of putative opt-in plaintiffs provided by Defendant.

5. Twenty-five of Defendant's employees, including Plaintiff Franklin Street IV, have consented to join Plaintiff's collective action. (Docs. 1, 13, 14, 16, 18, 20, 21, 22, and 24) (referred to collectively here in as the "Opt-In Plaintiffs).

6. The Parties have informally exchanged information regarding Plaintiff's claims including the Opt-In Plaintiff's time records, earnings statements and Defendant's calculations of overtime paid to the Opt-In Plaintiffs for the period of December 10, 2019, to the present.

7. Following this exchange of information the Parties calculated the amount of additional overtime potentially due to the Opt-In Plaintiffs and reached a

8616520v1

Settlement Agreement to resolve the Plaintiffs' claims for overtime wages, liquidated damages, and attorneys' fees and expenses contingent upon the Court's approval of the Agreement. The Agreement is attached hereto as **Exhibit A** and incorporated herein by this reference.

8. The Parties recognize and acknowledge that the expense in time and money of litigation, the uncertainty and risk of litigation, as well as the difficulties and delays inherent in such litigation, which makes settlement of this matter a mutually appealing resolution.

9. Pursuant to applicable Eleventh Circuit precedent, this Court is empowered to review and approve the provisions of such settlement agreements in actions brought for back wages under the FLSA. *See Lynn Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982). Because the Parties have agreed that the terms reflected in this Agreement are mutually satisfactory and that they represent a fair and reasonable resolution of a bona fide dispute, the Parties respectfully request that the Court approve the Settlement Agreement.

10. In support of this motion, Plaintiffs submit that they are satisfied that they will be fully compensated under the terms of the Settlement Agreement for the alleged additional unpaid overtime wages to which they contend to be entitled. Additionally, Plaintiffs' counsel represents that: (a) Plaintiffs fully understand the Agreement, and (b) Plaintiffs have consulted with their counsel of record before

submitting the attached Agreement to this Court and have entered into it knowingly and voluntarily.

WHEREFORE, the Parties respectfully request that this Court approve the Settlement Agreement as a fair and reasonable compromise of disputed issues under the FLSA.

## MEMORANDUM OF LAW

11. Employees can settle and release claims under the FLSA in two ways. First, employees can settle and waive their claims under the FLSA if the Secretary of Labor supervises the payment of unpaid wages by the employer to the employee. See 29 U.S.C. § 216(c) (2008); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under the FLSA (as is the case here), an employee may settle and release FLSA claims if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353; *see also D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946) (discussing propriety of allowing settlement of FLSA claims where district court has reviewed terms of settlement agreement).

12. In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

13. In the instant action, the Court should approve the Parties' Settlement Agreement to resolve the Opt-In Plaintiffs' FLSA claims against Defendant. The proposed Settlement Agreement arises out of an action that was adversarial in nature. The parties disputed the merits of this case, with Plaintiff contending that Defendant violated the FLSA by failing to factor non-discretionary bonuses into employees' regular rate for the purpose of computing overtime pay due to Plaintiff and other similarly situated employees, and Defendant disputing Plaintiff's allegations by asserting that it did correctly calculate and pay any additional overtime derived from the payment of the non-discretionary bonuses. During the litigation and settlement of this action, both parties were represented by competent and experienced attorneys who are well versed in this area of the law. The Opt-In Plaintiffs and their counsel discussed their claims, and the Parties formulated their own proposed settlement

figures. Defendant provided time records and earnings statements to Plaintiff to allow for a reasoned analysis of his and the other Opt-In Plaintiffs' claims. The Parties then engaged in settlement discussions based on their independent calculations and analysis of such records.

14. The Settlement Agreement provides the Opt-In Plaintiffs with a full recovery of the claimed unpaid overtime wages sought in this Action, and equal amount in liquidated damages, and a payment of attorneys' fees and costs to their counsel for prosecuting this matter; as such, it represents a fair and reasonable compromise of this matter.

15. Indeed, the Parties' calculations indicated that six of the Opt-In Plaintiffs were due to receive less than $10 in additional unpaid overtime (in some cases $0), but the parties agreed to allocate a minimum of $10 in additional unpaid overtime to those Opt-In Plaintiffs together with an equal amount of liquidated damages. Accordingly the minimum recovery to any individual Opt-In Plaintiff is $20.

16. Because the Settlement Agreement represents a fair and reasonable compromise over bona fide FLSA wage disputes and was negotiated at arms' length, the Court should approve this settlement.

## **SETTLEMENT TERMS**

17. Plaintiff contends he worked for Defendant as an hourly non-exempt warehouse selector during various work weeks during which he was paid "safety bonuses." (Doc. 1, ¶¶ 10, 17, 26, 28 – 30). He further contends that during such workweeks in which he worked more than 40 hours Defendant failed to factor these safety bonuses into Plaintiff's regular rate for the purposes of calculating and paying Plaintiff the proper amount of overtime due to him in accordance with the FLSA and its interpreting regulations. (Doc. 1, ¶¶ 20-23).

18. In an effort to resolve this lawsuit, Defendant produced to Plaintiff's attorneys the Opt-In Plaintiffs' payroll records and earnings statements detailing the hours each Opt-In Plaintiff worked during the relevant workweeks, the rates paid based on hours performed each work week, and its calculations of the overtime it paid to the Opt-In Plaintiffs during the workweeks in which they were paid one or more safety bonuses and also worked more than 40 hours all to aid in the Opt-In Plaintiffs' evaluation of their claims and Defendant's defenses.

19. Following the exchange of the Opt-In Plaintiffs' payroll records and Defendant's detailed calculations, the Parties entered into negotiations to settle this dispute accordingly.

20. Throughout settlement negotiations, the Parties discussed the strengths and weaknesses of their respective positions. Notably, the parties recognized the

inherent risks with continued litigation. Plaintiffs believe that the amount they will receive pursuant to this settlement reflects the full amount of unpaid overtime wages and liquidated damages that they could expect to recover if they were to prevail on their FLSA claims at trial, and in some cases <u>more</u> than they could expect to recover. While still denying liability, Defendant believes that the amount Plaintiff will receive pursuant to this settlement reflects an amount in complete and total satisfaction for any unpaid overtime wages and liquidated damages the Opt-In Plaintiffs could expect to recover if each were to prevail on their FLSA claims at trial.

21. Plaintiff's counsel estimated each Opt-In Plaintiff's likely best-day-in-court regular rate damages using the records and calculations provided by Defendant. Under the terms of the settlement, each Opt-In Plaintiff is receiving an amount at least equal to these possible damages.

22. Moreover, Plaintiffs' attorneys' fees and expenses were negotiated only after the Parties agreed to the terms of the Opt-In Plaintiffs' recovery and were negotiated at arms' length. Plaintiffs agree that $21,075.00 in attorneys' fees and $514.50 in costs should be paid to their attorneys in consideration of the settlement. The amount of attorneys' fees to be paid to Plaintiffs' attorneys represents a negotiated amount that is less that Plaintiffs' attorneys' lodestar in this matter. To the extent the Court would like to review Plaintiffs' counsels' hours worked in this

matter, Plaintiffs' counsel is willing to provide its timesheets. Defendant agrees that this sum is fair and reasonable considering the work performed by Plaintiff's counsel. Plaintiff's counsel expended time preparing the Complaint, preparing to move for conditional certification, preparing and sending court approved notices to Defendants' employees, conducting informal discovery, studying Defendant's records, as well as time negotiating with Defendant, among other work. Defendant has agreed that this amount be awarded to counsel for Plaintiff. Defendant has agreed to pay this amount in consideration of the costs, work performed, hours spent, likely hourly rates awardable, and in an effort to expedite payment to Plaintiff and to avoid costs and delay associated with continued litigation and fee petition.

23. As courts have recognized, in circumstances similar to the instant matter, a lodestar analysis is not always required. *See Crabtree v. Volkert, Inc.*, 2013 WL 593500, at *7 n. 4 (S.D. Ala. Feb. 14, 2013) ("[P]ersuasive district court authority has deemed scrutiny of the reasonableness of plaintiff's agreed-upon attorney's fees to be unnecessary in an FLSA settlement where 'the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff,' except in circumstances where 'the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney.'") (quoting *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009); and *citing*

*also Wing v. Plann B Corp.*, 2012 WL 4746258, *4 (M.D. Fla. Sept. 17, 2012) (declining to examine reasonableness of attorney's fee payment in FLSA settlement where the FLSA claims were compromised, there was a reasonable basis for such compromise, and "Plaintiff's claims were resolved separately and apart from the issue of attorneys' fees," such that "there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of fees and costs to be paid to Plaintiff's counsel.")).

24. Defendant will tender payments to the Opt-In Plaintiffs and Plaintiffs' Counsel within 14 calendar days of the Court's approval of the above settlement.

25. The settlement agreement contains no confidentiality provision, nor does it contain a general release of claims. The release contained in the settlement agreement is limited to Plaintiffs' FLSA claims.

26. The Parties represent that they have reached a reasonable and fair resolution of Plaintiff's FLSA claims. The Parties represent that they engaged in a good faith, arms' length negotiations to resolve the matter. The record indicates that a bona fide dispute existed regarding Defendant's calculation and payment of overtime paid to Plaintiff as a result of bonus payments made to Plaintiff.

27. A Proposed Stipulated Judgment, Approval of Settlement and Order of Dismissal is attached as **Exhibit B**.

8616520v1

## CONCLUSION

The Parties have reached settlement as to all issues and claims, including the issue of attorneys' fees and expenses. Undersigned counsel for Defendant affirms to the Court that he has authority from both Defendant and Plaintiff to submit the above Joint Motion for Settlement Approval and Settlement Agreement resolving this dispute on these specific terms and that there are no other terms that have not been stated. The Settlement is contingent on this Court's approval.

Respectfully submitted this the 3rd day of October 2022.

| **WEINER & SAND LLC** | **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP** |
|---|---|
| */s/Andrew L. Weiner* <br> ANDREW L. WEINER <br> Georgia Bar No. 808278 <br> 800 Battery Ave. SE, Suite 100 <br> Atlanta, GA 30339 <br> (404) 254-0842 <br> aw@wsjustice.com <br> *Attorney for Plaintiff Franklin Street IV* | */s/Patricia-Anne Brownback* <br> PATRICIA-ANNE BROWNBACK <br> Georgia Bar No. 564294 <br> 577 Mulberry Street, Suite 710 <br> PO Box 31202 <br> Macon, GA 31202 <br> (478) 750-8600 <br> pbrownback@constangy.com <br> *Attorney for Defendant Customized Distribution, LLC* |

8616520v1

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

This the 3rd day of October, 2022.

>*/s/ Patricia-Anne Brownback*
>Counsel for Defendant Customized Distribution, LLC