# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| FRANKLIN STREET IV, individually and on behalf of all others similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) CUSTOMIZED DISTRIBUTION, LLC, ) ) Defendant. ) ) | CIVIL ACTION NO.: 1:21-cv-05060-SEG |

## STIPULATED JUDGMENT AND
## ORDER OF DISMISSAL WITH PREJUDICE

This case involves a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., brought by Plaintiff Franklin Street IV ("Plaintiff"), against Defendant Customized Distribution, LLC. The Parties have reached an agreement to resolve all claims in this case and seek court approval of the settlement and an order of dismissal with prejudice.

Following an examination of the pleadings and terms of the settlement agreement, the Court finds that a bona fide dispute of both law and fact is involved in this litigation, including, but not limited to, issues of liability, and the amount of overtime compensation due, if any.  Having reviewed the terms of the settlement agreement agreed upon by the Parties, the Court finds that the settlement terms

proposed by the Parties are fair and equitable to all involved and that their agreement is a fair and reasonable resolution of this bona fide dispute.

In particular, the Court finds that the amount of overtime compensation and liquidated damages to be paid by Defendant is fair and reasonable. The Court finds that the Parties conducted an in-depth analysis of the overtime compensation that Plaintiff and the Opt-In Plaintiffs received with Defendant's "safety bonus" excluded from the overtime compensation calculation. The Court also finds that the Parties conducted a similar analysis of the overtime compensation that Plaintiff and the Opt-In Plaintiffs contend they should have received with Defendant's "safety bonus" included in the overtime compensation calculation. The overtime compensation and liquidated damages to be paid under the settlement agreement represent the net result of that analysis.

The Court also finds that the attorneys' fees and costs to be paid by Defendant under the settlement agreement are fair and reasonable. The Parties have represented to the Court that they did not discuss or negotiate attorneys' fees until after they reached an agreement on the amount of overtime compensation and liquidated damages to be paid. Plaintiff's counsel also represented to the Court that the attorneys' fees in the settlement agreement represent a negotiated reduction of their lodestar, and Plaintiff's counsel submitted their time records for the Court's review. After its review of Plaintiff's counsel's time records, the Court recognizes that the

amount of attorneys' fees in the settlement agreement is greater than the overtime compensation and liquidated damages to be paid by Defendant, but finds that the ratio between the two is fair and reasonable because the amount of attorneys' fees is supported by the time records and represents a reduced lodestar.

Therefore, the Court approves the settlement, and the Parties are hereby ordered to finalize the settlement through the exchange of consideration.

Based upon this resolution by the Parties, all claims Plaintiff has or may have arising out of or relating to this lawsuit, including, but not limited to, any claims under the FLSA for wages, overtime, attorney's fees, costs, expenses or other relief, award or damages, are hereby resolved and DISMISSED WITH PREJUDICE.

The Clerk of Court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure

SO ORDERED this the \_\_\_\_ day of _____ 2022.

_____
SARAH E. GERAGHTY
United States District Judge